NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA PENNER, on behalf of herself and
all others similarly situated; et al.,

       Plaintiffs - Appellants,

      v.

CHASE BANK USA NA and BANK
ONE DELAWARE NA,

       Defendants - Appellees.

No. 06-35726

D.C. No. CV-06-05092-FDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted February 4, 2009
Submission Withdrawn February 10, 2009
Resubmitted September 16, 2011
Seattle, Washington

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, REINHARDT and FISHER, Circuit Judges.[**]

Plaintiffs sued Chase Bank for its practice of increasing cardholders' interest rates upon default or delinquency and retroactively applying the increased rates to the beginning of the latest payment cycle.

1.      As plaintiffs concede, their Truth in Lending Act and breach of contract claims have been foreclosed by the Supreme Court's decision in *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871 (2011).

2.      Plaintiffs' declaratory relief, unconscionability and illegal penalty claims are foreclosed because Delaware law permits Chase's practices. *See McCoy v. Chase Manhattan Bank, USA, Nat. Assoc.*, 654 F.3d 971, 975 (9th Cir. 2011).

3.      Plaintiffs fail to state a claim under the Washington Consumer Protection Act (WCPA), Wash. Rev. Code § 19.86.020.  To succeed under the WCPA, plaintiffs must show that Chase's actions had "the capacity to deceive a substantial portion of the public." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986) (emphasis omitted).  Here, however, "Chase openly and expressly notifies cardholders of the actions it reserves the right to take in the event of a default." *McCoy*, 654 F.3d at 975.

---

[**]Following the death of Judge Pamela A. Rymer, Judge Stephen Reinhardt was drawn as her replacement on the panel.

The parties' October 6, 2008 and October 20, 2008 motions for judicial notice are denied.

**AFFIRMED.**